# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SAPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1787 CDP |
| | ) | |
| FREDRICA FLORENCE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert Sapa brings this copyright infringement action against defendant Fredrica Florence, whom plaintiff avers is a resident of San Diego, California.   Plaintiff contends that defendant unlawfully infringed plaintiff's original jewelry design for which a copyright application is pending.   Plaintiff requests that he be permitted to effectuate service of process upon defendant through her email address inasmuch as he has been unsuccessful in his efforts to locate a physical address for defendant and avers that defendant is concealing her true identity and location.   Plaintiff's motion for alternative means of service will be denied.

Federal Rule of Civil Procedure 4(e) sets out the rules for "Serving an Individual Within a Judicial District of the United States."   The summons and complaint may be delivered to the individual personally; it may be left at the

individual's home with someone of suitable age and discretion who resides there; or it may be delivered to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). The Rule also provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state court where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Missouri law does not provide for service of process upon an individual by electronic means, including e-mail. *See, e.g., Joe Hand Promotions, Inc. v. Shepard*, No. 4:12CV1728 SNLJ, 2013 WL 4058745, at *2 (E.D. Mo. Aug. 12, 2013). Nor does California law – where the defendant here is considered to reside – permit this manner of service. *See, e.g., Creditors Trade Ass'n, Inc. v. Globalware Solutions, Inc.*, No. C-12-3110 MMC, 2013 WL 941803, at *2-3 (N.D. Cal. Mar. 11, 2013) (effort to serve defendant by emailing copy of complaint to defendant did not substantially comply with Rule 4).

Although plaintiff argues that other courts in the country have permitted service by email, I note that the cases he cites rely on Rule 4(f), which provides "other means" of service "as the court orders" for "serving an *individual in a foreign country.*" Fed. R. Civ. P. 4(f) (emphasis added). The defendant here is not in a foreign country. Rule 4(f) therefore does not apply to the service issue in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Serve

Defendant by Alternative Means [ECF #2] is **DENIED.**

In accordance with Fed. R. Civ. P. 4(m) (Rev. 2015), plaintiff shall cause service to be effected upon defendant not later than ninety days after the filing of his complaint. Failure to timely effectuate service may result in the dismissal of this action against defendant without prejudice.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2015.