# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SAPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1787 CDP |
| | ) | |
| FREDRICA FLORENCE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert Sapa brings this copyright infringement action against defendant Fredrica Florence, whom plaintiff avers is a resident of San Diego, California. Plaintiff contends that defendant unlawfully infringed plaintiff's original jewelry design for which a copyright application is pending. Plaintiff has been unsuccessful in his efforts to locate a physical address for defendant in order to effectuate service of process, and suspects that defendant is concealing his/her true identity and location. Plaintiff now requests that he be permitted to seek discovery from defendant's internet service provider (ISP), Yahoo, Inc., that will provide him with relevant information regarding defendant's identity from which he can obtain a physical address for service.[1] Subject to certain protections, I will grant plaintiff's motion. Accordingly,

---

[1] Plaintiff requests such discovery from Yahoo, Inc., "or any other ISPs which have access to

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [ECF #6] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff may serve immediate discovery on third party ISP Yahoo, Inc. to obtain the true identity of defendant "Fredrica Florence" by serving a subpoena pursuant to Fed. R. Civ. P. 45 that seeks information sufficient to identify "Fredrica Florence," including name, current (and permanent) addresses, e-mail addresses, and Media Access Control addresses. The disclosure of this information is consistent with the ISP's obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), which provides

> (2) A cable operator may disclose [personally identifiable] information if the disclosure is ——
> . . .
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

Any information disclosed to plaintiff in response to the Rule 45 subpoena may be used by him solely for the purpose of protecting his rights as set forth in the complaint.

**IT IS FURTHER ORDERED** that, within seven (7) days of being served with the Rule 45 subpoena, Yahoo, Inc., shall give written notice to the defendant-

---

Defendant's relevant personal information[.]" (Memo., ECF #7 at 2.) Because plaintiff specifically identifies only Yahoo, Inc., as an ISP with relevant information, I will restrict discovery to only that ISP.

subscriber in question, which shall include a copy of the Rule 45 subpoena and a copy of this Order. Yahoo, Inc., may serve the defendant-subscriber using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days after service of the subpoena, Yahoo, Inc., and/or the defendant-subscriber may file motions with this Court contesting the subpoena, as well as any request to litigate the subpoena anonymously ("the motion period"). Yahoo, Inc., shall not turn over any identifying information to plaintiff prior to the expiration of this motion period. If either Yahoo, Inc., or the defendant-subscriber files a motion to quash or otherwise challenges the subpoena, Yahoo, Inc., shall not turn over to plaintiff any information relating to the defendant-subscriber until the issues have been addressed and the Court issues an Order instructing it to turn over the requested discovery.

**IT IS FURTHER ORDERED** that, if neither Yahoo, Inc., nor defendant-subscriber moves to challenge the subpoena within the motion period, Yahoo, Inc., shall produce to plaintiff the information responsive to the subpoena within seven (7) days after the expiration of the motion period.

**IT IS FURTHER ORDERED** that, if defendant-subscriber moves to challenge the subpoena or to proceed anonymously, he/she shall at the same time as his/her filing also notify Yahoo, Inc., so that it is on notice not to release any of the

respective contact information to plaintiff until the Court rules on any such motion.

**IT IS FURTHER ORDERED** that Yahoo, Inc., shall preserve any subpoenaed information pending the resolution of any timely-filed challenge to the subpoena.

**IT IS FURTHER ORDERED** that the Rule 45 subpoena served upon Yahoo, Inc., pursuant to this Order shall have a copy of this Order attached.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2016.